a specified time, and we are convinced that this is not a violation of the provisions of section 73 of the Code of Civil Procedure, and that is the only defense in this case, aside from the alleged eviction, which is without merit.

The judgment appealed from should be affirmed, with costs. All concur.

———————

(112 App. Div. 729)

## WYNKOOP v. LUDLOW VALVE MFG. CO.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

MASTER AND SERVANT—NEGLIGENCE—INJURIES TO SERVANT—EMPLOYER'S LIA-
BILITY ACT—ASSUMPTION OF RISK—INSTRUCTIONS—QUESTIONS FOR JURY.
Under the employer's liability act, enumerating as necessary risks only those inherent in the nature of an employer's business remaining after the exercise by him of due care in providing for his employés, and which the statute declares are the only risks which the employé "is presumed to have assented to," where plaintiff had worked in defendant's machine shop for seven months and knew as much about the situation and dangers arising therefrom as defendant did, it was error, in an action for injuries received by plaintiff through having his hand run over by a traveling crane passing from one end of the shop to the other, owing to the tracks on which such crane moved not being guarded, to instruct that as a matter of law such necessary risks were the only risks which the plaintiff assumed, thereby taking from the jury the question of the assumption by plaintiff of all risks, except those specified in the charge.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1068–1088.]

Smith, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by William Wynkoop against the Ludlow Valve Manufacturing Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

This is an action for negligence under the employer's liability act. Defendant operates in the city of Troy a machine shop about 150 feet long and 100 feet wide. A gallery 25 or 30 feet in width extends around the interior of the building except one end thereof, and about 18 feet from the floor. In the gallery at the time of the accident there were different kinds of machinery at which about 30 men and boys including the plaintiff were employed. Through the center of the building from one end to the other moved a large crane operated by electricity, and used for carrying material and delivering it from one place to another on the floor beneath. This crane reached across the building between the interior sides of the gallery. It moved on wheels two on each side, the wheels on each side being 10 or 15 feet apart. The wheels on either side of the crane ran on tracks erected along the interior edges of the gallery on each side of the building. The tracks lay on large timbers on the edges of the gallery and 2½ or 3 feet above the gallery floor.

On December 31, 1903, plaintiff was proceeding to drill some valves with a drill press in the gallery. In the performance of this work it was necessary to use wooden boxes with which to hold the valves in position while being drilled. Near at hand was a lathe about three feet from the track on which the crane moved backward and forward. In this space between the lathe and the track and on the gallery floor were the boxes in question of different sizes. Plaintiff went into this space in search of a box about a foot square which would fit the valve he was about to drill. He tried one after another in an effort to find one of proper size. In his effort to find a suitable one he proceeded for a distance of about 12 feet along the passage-

way between the lathe and the track picking up one box after another and not finding any which would fit the valve he carried in his hand throwing down the boxes and trying others. In this way he proceeded to the end of the passageway and was returning engaged in the same search for a suitable box. After picking up about 100 boxes without finding one which was suitable, plaintiff tripped or stumbled over one of the boxes, and, to save himself from falling, involuntarily threw out his left hand upon the adjoining track just as the crane was passing, and the wheel ran over and crushed his hand.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

J. Murray Downs, for appellant.
J. W. Atkinson, for respondent.

COCHRANE, J. The theory of the plaintiff is that the defendant was negligent in not properly guarding the tracks on which the crane moved. Plaintiff had been employed in this shop for seven months and was fully conversant with the operations of the crane and the manner and purpose of its use, and with the conditions which there existed. The learned trial justice at the request of plaintiff's counsel charged the jury that:

"The risks which the plaintiff assumed were those risks and those only inherent in the nature of the business of the defendant which remained after the defendant had exercised due care in providing for its employés, and had complied with the laws affecting or regulating the business for the greater safety of defendant's employés."

This was error. The risks referred to in the foregoing proposition are those which are described in the employer's liability act as "necessary risks" and the statute declares that those are the only risks which the employé is "presumed to have assented to." But the court told the jury as a matter of law that those were the only risks which the plaintiff assumed; thereby taking from the jury the question of the assumption by the plaintiff of all risks except those specified in the proposition which was charged. Nowhere else in charging the jury did the learned trial justice explain to them or make any allusion to the question of the assumption of risk by the plaintiff, except to state to them the defendant's claim in reference thereto. The effect of this charge was practically to eliminate from the case the very important question of the assumption of the risk by the plaintiff in conjunction with the negligence of the defendant. Whatever danger existed was apparent and obvious to the plaintiff. He had worked there for seven months. He knew as much about the situation and dangers arising therefrom as did the defendant. Assuming without deciding that the defendant was negligent in not properly guarding the tracks on which the crane was propelled there was nevertheless the important question whether the plaintiff with full knowledge of the situation had not assumed the risk of the accident which befell him; and it is difficult to see how any jury with a full and correct understanding of the law could draw any other inference than that the plaintiff assumed such risk. But this question under the charge of the court was not passed on by the jury. In fact the court in

effect told the jury as a matter of law that the plaintiff assumed no such risk.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, J., who dissents.